UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JADE JONES,

  Plaintiff,

  v.

DG RETAIL, LLC and DOLLAR GENERAL CORPORATION ,

  Defendants.

Case No. 25-2232-JWB-ADM

**MEMORANDUM AND ORDER**

  This matter comes before the court on the parties' Joint Motion for Leave to Amend the Scheduling Order. (ECF 23.)  By way of this motion, the parties seek an extension of the scheduling-order deadlines related to mediation, expert disclosures, physical and mental examinations, discovery completion, submission of the proposed pretrial order, the pretrial conference setting, and filing dispositive motions.  As explained below, the parties' motion is denied because they have not shown good cause for any extension.

  A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).  To establish good cause, the moving party must show that the scheduling order deadline could not be met despite diligent efforts. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019).  The good-cause requirement "obligates the moving party to provide an adequate explanation for any delay" and show diligent efforts to meet the deadline imposed. *Id.* at 988.  Courts are more likely to find good cause when the moving party has been generally diligent and the need for additional time was neither foreseeable nor the fault of the moving party. *Id.* at 989.  However, carelessness or "failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation" are not compatible with a

finding of good cause. *Id.* The court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

The parties have not demonstrated that they have been diligent in attempting to meet the current scheduling-order deadlines. The court already allowed a lengthy discovery period for this case. The parties were free to begin discovery by June 13, 2025, at the latest. *See* FED. R. CIV. 26(d)(1) (parties may seek discovery after the Rule 26(f) conference in most cases). This should have been an adequate time period for the parties to complete discovery if they had been diligent throughout the discovery period. But, in the past five months of discovery, the docket reflects that the parties have only exchanged written discovery (ECF 16-19), and plaintiff has designated five non-retained experts (ECF 22).

The parties' motion contends that an extension is necessary because "despite their best efforts," the parties have been unable to schedule mediation "due to continuing conflicts with the mediator's schedule" and "have yet to conduct depositions" though they are "proactively working on determining dates for such depositions." (ECF 23, at 2.) Neither of these reasons demonstrates good cause for an extension. As for the parties' mediation scheduling issues, the court first notes that it typically will not grant extensions of case-management deadlines simply because of the parties' mediation or settlement efforts. Indeed, the court specifically cautioned the parties in its order dated September 9, 2025, that its extension of the mediation deadline to November 11 "will not constitute good cause to extend any other deadlines or settings in the case schedule, regardless of the mediation outcome." (ECF 21.) The court expects the parties to explore the possibility of settlement in parallel with meeting other case-management deadlines. Thus, the parties' difficulty in scheduling mediation is not a valid reason to extend all scheduling order deadlines.

Likewise, the parties' difficulty in scheduling depositions does not establish good cause. The motion does not explain why the parties did not begin their deposition discovery planning earlier to ensure they could finish deposing the witnesses by the November 26 discovery deadline, or why defendant did not conduct the discovery it says it needs "to determine the necessity of retaining expert witnesses." (ECF 23, at 2.) Under these circumstances, the court cannot conclude that the parties have been diligent in meeting the scheduling order deadlines. Therefore, the parties have not demonstrated good cause to amend the scheduling order.

That said, the parties are free to stipulate to conducting discovery after the discovery deadline so long as any ongoing discovery does not interfere with other court-imposed deadlines or delay the briefing of or ruling on dispositive motions or other pretrial preparations. *See Eppley v. SAFC Biosciences, Inc.*, No. 20-2053-TC-ADM, 2020 WL 7353865, at *2 (D. Kan. Dec. 15, 2020) (Rule 29(a) allows the parties to stipulate to depositions occurring after the discovery deadline). The court urges the parties to utilize such stipulations to move this case forward. However, under these circumstances the court will not be available to resolve any disputes that may arise during the course of such extended discovery.

In addition, the state of affairs has made it impractical to proceed with any pretrial-conference-related activities or dispositive motions. Accordingly, the court vacates the December 8 deadline to submit a proposed pretrial order, cancels the December 18 pretrial conference, and vacates the January 30, 2026 deadline to file dispositive motions and motions challenging admissibility of expert testimony. The court orders the parties to file, by December 15, a joint status report as to when they anticipate discovery will be complete, including firmly-scheduled dates for all remaining depositions. Upon receipt of that report, the court will reset these vacated deadlines, the pretrial conference, and the motions deadline.

4

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Leave to Amend the Scheduling Order (ECF 23) is denied.

**IT IS FURTHER ORDERED** that the current deadlines to submit a proposed pretrial order, file dispositive motions, and file motions challenging admissibility of expert testimony are vacated and the pretrial conference is cancelled.

**IT IS FURTHER ORDERED** that the parties must file, by December 15, a joint status report as to when they anticipate discovery will be complete, including firmly-scheduled dates for all remaining depositions.

**IT IS SO ORDERED.**

Dated November 13, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
